989 F.2d 498
 144 L.R.R.M. (BNA) 2744
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CIRCLE K CORPORATION, Petitioner Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner.
 Nos. 92-5748, 92-5806.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1993.
 
 Before: KENNEDY, NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 The employer, Circle K Corporation, seeks our review of the decision and order of the National Labor Relations Board which reversed the decision of an Administrative Law Judge, and determined that Circle K had discharged an employee, Charlotte Moneagle, for engaging in protected concerted activity, in violation of Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1). The Board seeks enforcement of its order.
 
 
 2
 The A.L.J. concluded that Moneagle had acted only in her own interest, rather than in concert with other employees, and that to the extent that she attempted to portray her actions as being in the interest of matters of common concern to all employees, her assertion was rebutted by the testimony of other employees who demonstrated that Moneagle was acting only on her own behalf.
 
 
 3
 In reversing the A.L.J.'s decision, the Board concluded that Moneagle's activity was " 'concerted' activity for mutual aid or protection." In support of that conclusion, the Board pointed to the testimony of a fellow employee that he informed his supervisor that he thought Moneagle was serious about "trying to get either a union or some kind of employee support thing going in the store," and that he had told Moneagle that he would consider signing a letter she had written calling for concerted action by employees.
 
 
 4
 Individual conduct which precedes conduct in concert with others may constitute protected concerted activity under the Act if the individual actually intends the conduct to induce group action. Ajax Paving Indus., Inc. v. NLRB, 713 F.2d 1214, 1217 (6th Cir.1983).
 
 
 5
 Although one easily could conclude that the evidence more persuasively argues in favor of the A.L.J.'s conclusion, we may not substitute our view of the evidence for that taken by the Board, since we do not review the Board's decision de novo. Instead, we review its decision to determine whether the Board's findings are supported by "substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In conducting our review for substantial evidence, we must consider all the evidence, both favorable and contrary to the Board's conclusion. This court has held that "[i]t is sufficient that the evidence presented would have created a fact issue suitable for resolution by a jury." Ajax Paving Indus., 713 F.2d at 217.
 
 
 6
 Because the Board's finding is supported by substantial evidence, the petition for review is denied and the Board's petition for enforcement is granted.